IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jason Solt, | ) | Case No: 2:16-3862-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| The Boeing Company, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 28) recommending that the Court grant Defendant's motion for summary judgment (Dkt. No. 24). For the reasons set forth below, the Court adopts the R. & R. as the Order of the Court and grants Defendant's motion for summary judgment.

I. **Background and Relevant Facts**

Plaintiff Jason Solt initiated this lawsuit when he filed a complaint against his former employer, The Boeing Company, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12102, *et seq.* ("ADA"). The Court adopts the facts as detailed at length in the R. & R. (Dkt. No. 28 at 2–8.)

II. **Legal Standard**

A. **Summary Judgment**

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477

U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

### B. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. Discussion

Plaintiff has filed several objections to the Magistrate Judge's R. & R. (Dkt. No. 29.) The Court has considered *de novo* each portion of the R. & R. to which Plaintiff has made a specific objection.

### A. Consideration of Christopher Perry's Declaration

Plaintiff objects to the Magistrate Judge's consideration of the Declaration of Christopher Perry, arguing that the Declaration should be "disregarded" "because it is not sworn before a notary public and is not an affidavit." (Dkt. No. 29 at 2.) Plaintiff relies on the Fourth Circuit's decision in *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993), for this proposition. "However, *Orsi* was abrogated by the 2010 amendments to Federal Rule of Civil Procedure 56, which no longer requires evidence to be presented in admissible form to be considered on summary judgment." *Pronin v. Vining*, No. 5:13-CV-03423-DCN, 2016 WL 1253182, at *4 (D.S.C. Mar. 31, 2016). When ruling on a motion for summary judgment, this Court may consider competent evidence in the form of either an affidavit sworn under oath or a declaration made under penalty of perjury. *See, e.g., Williams v. N. Charleston Police Dep't*, No. 2:13-CV-02969-RMG, 2014 WL 4273317, at *2 (D.S.C. Aug. 29, 2014).

Plaintiff also argues that Perry's Declaration "should not be considered" because it is dated "after the close of discovery" so was "not available for Plaintiff's counsel to utilize in her depositions of defense witnesses." (Dkt. No. 29 at 3.) Plaintiff cites no legal support for this argument, and it is undisputed that Plaintiff identified Christopher Perry as a fact witness early in this litigation so was aware of the matters on which Perry could testify. (Dkt. No. 30-2 at 3.) Plaintiff stated that Perry was his "second level supervisor in this matter," and was "expected to testify in regards to the facts and circumstances surrounding Plaintiff's employment, termination, and any and all other facts and circumstances surrounding this matter." (*Id.*) For these reasons, it is appropriate for this Court to consider Christopher Perry's declaration when considering Defendant's motion for summary judgment.

## B. Failure to Accommodate

To survive a motion for summary judgment on his failure to accommodate claim, Plaintiff must allege facts sufficient to create at least a genuine dispute of material fact with respect to the following elements: "(1) that [he] was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of [his] disability; (3) that with reasonable accommodation he could perform the essential functions of the position . . .; [and] (4) that the [employer] refused to make such accommodations." *Rhoads v. Fed. Deposit Ins. Corp.*, 257 F.3d 373, 387, n. 11 (4th Cir. 2001) (citing *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 6 (2d Cir. 1999)).

The Magistrate Judge has provide a well-reasoned analysis of Plaintiff's failure to accommodate claim and determine that Plaintiff failed to present evidence sufficient to create a genuine dispute of material fact about (1) whether he could perform the essential functions of his job at the time he was terminated and (2) whether Defendant failed to provide him with a reasonable accommodation. (Dkt. No. 28 at 10–22.)

Plaintiff has objected to the Magistrate Judge's conclusion with respect to whether created a genuine dispute of material fact about whether he could perform the essential functions of his job. (Dkt. No. 29 at 4.) Plaintiff argues that the following allegations create a genuine dispute of material fact on this issue: (1) Plaintiff's own repeated statements that he could perform the job, and (2) conflicting statements by Plaintiff's treating physicians about whether he could perform the essential functions of the job. Plaintiff also argues that the Magistrate Judge's conclusion about use of a stool being a reasonable accommodation is incorrect based on the testimony of Lisa Davis.

Plaintiff has simply repeated, in a conclusory manner, arguments that the Magistrate Judge has already considered in full (Dkt. No. 28 at 11-17), and he has failed to challenge any of

the extensive legal support cited by the Magistrate Judge for his recommendation. For these reasons, Plaintiff is not entitled to do novo review of these portions of the R. & R. *See Cadmus v. Williamson*, No. 5:15-CV-045, 2016 WL 1047087, at *3 (W.D. Va. Mar. 10, 2016) ("[O]bjections that reiterate prior arguments or fail to identify specific errors in the report and recommendation are properly construed as general objections, and do not warrant *de novo* review."); *see also Addison v. CMH Homes, Inc.*, 47 F. Supp. 3d 404, 412 (D.S.C. 2014) (finding that objections are not sufficient for a *de novo* review of a Magistrate Judge's R. & R. where plaintiff's objections merely restate, in many instances verbatim, the arguments advanced in prior memoranda submitted to the Magistrate Judge). The Court finds that the Magistrate Judge correctly applied the controlling law to the facts relevant to this issue.

Plaintiff also claims that he has created a genuine dispute of material fact about whether Defendant engaged in a good faith effort to accommodate his disability. (Dkt. No. 29 at 4–5.) As discussed above, Plaintiff has failed to show that he could perform the essential functions of his job with reasonable accommodation.[1] For this reason, and the reasons already discussed at length in the R. & R. (Dkt. No. 28 at 15-17), Plaintiff's failure to accommodate claim cannot survive a motion for summary judgment.

## C. Termination

The Magistrate Judge recommended that this Court grant Defendant's Motion for summary judgment with respect to Plaintiff's unlawful termination claim because Plaintiff failed to create a genuine dispute of material fact about whether he is a "qualified person with a disability" because he did not show that he was a person who, with or without reasonable

---

[1] Both parties quibble about the extent and nature of any discussion about the use of a stool as a possible accommodation. Plaintiff has failed to show, and it defies logic to imagine, how use of a stool would allow Plaintiff to perform all of the essential function of his job, including climbing stairs and ladders, which Dr. Newton determined he was entirely prohibited from doing. (Dkt. No. 25-4 at 2; Dkt. No. 24-6 at 19.)

accommodation, could perform the essential functions of the position. (Dkt. No. 28 at 22-25.) Plaintiff objects to the Magistrate Judge's recommendation for the same reasons he objected to the Magistrate Judge's recommendation for his failure to accommodate claim – namely, that he believes there is a genuine dispute of material fact about whether he could perform the functions of his job with reasonable accommodation. For the reasons discussed at length in the R. & R. and earlier in this Order, Plaintiff has failed to create a genuine dispute of material fact about whether he could perform the essential functions of his position.[2]

### D. Retaliation

The ADA's retaliation provision provides, in relevant part, that "[n]o person shall discriminate against any individual because such individual . . . made a charge . . . under this chapter." 42 U.S.C. § 12203(a). To establish a prima facie retaliation claim under the ADA, a plaintiff must allege facts to create a genuine dispute of material fact about whether (1) he engaged in protected conduct; (2) he suffered an adverse employment action; and (3) there was a causal link between the protected conduct and the adverse action. *See A Soc'y Without a Name v. Commonwealth of Va.*, 655 F.3d 342, 350 (4th Cir. 2011).

Once a prima facie case has been presented, the employer has the burden of producing a legitimate, non-discriminatory reason for its actions. If the employer can produce a legitimate, non-discriminatory reason for its actions, the employee must then demonstrate that the Defendant's proffered reason is pretextual. *Harmer*, 831 F.Supp. at 1308; *see also Graves v. Bank of America*, 54 F.Supp.3d 434, 443 (M.D.N.C. 2014).

---

[2] Plaintiff asks the Court to disregard the medical judgment and recommendation of Dr. Newton even though Plaintiff provided Newton's report to Defendant. For reasons the Magistrate Judge outlined in the R. & R., Defendant was entitled to rely on Dr. Newton's assessment and could have faced serious legal consequences for failing to do so. (Dkt. No. 28 at 11-12.)

The Magistrate Judge recommended that this Court grant Plaintiff's motion for summary judgment because, among other reasons, even if Plaintiff established a causal link between the protected activity he engaged in and the adverse employment action (in this case, his termination), Plaintiff's employer may then produce a legitimate, non-discriminatory reason for its action. In this case, Boeing's legitimate, nondiscriminatory reason for removing Plaintiff from his position and ultimately terminating him was that Plaintiff was unable to perform the essential functions of his position with or without a reasonable accommodation. *See EEOC v. Clay Printing Co.*, 955 F.2d 936, 941 (4th Cir. 1991) (The defendant's burden of establishing a legitimate, nondiscriminatory reason is only one of production, not of persuasion). Plaintiff has therefore failed to create a genuine dispute of material fact about whether his termination was pretextual. (Dkt. No. 28 at 29-31.)

### IV. Conclusion

For the reasons set forth above, the Court adopts the R. & R. (Dkt. No. 28) as the Order of the Court and grants Defendant's motion for summary judgment (Dkt. No. 24).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April ____2____, 2018
Charleston, South Carolina